## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | | |
|---|---|---|
| DOMINIC JENKINS<br>2100 Tremont Street, SE<br>Washington, DC 20020 | :<br><br>: | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 19-cv-1586 (ABJ) |
| DISTRICT OF COLUMBIA<br>c/o  Muriel Bowser, Mayor<br>1350 Pennsylvania Avenue, NW<br>Washington, D.C. 20001 | :<br><br>:<br><br>: | |
| and | : | |
| OFFICER AARON DABNEY<br>c/o MPD - Sixth District Substation<br>5002 Hayes Street, NE<br>Washington, D.C. 20019 | :<br><br>: | |
| and | : | |
| Officer IATEZAZ TARIQ<br>c/o MPD - Sixth District Substation<br>5002 Hayes Street, NE<br>Washington, D.C. 20019 | :<br><br>: | |
| and | : | |
| Sergeant Carline Modl<br>c/o MPD - Sixth District Substation<br>5002 Hayes Street, NE<br>Washington, D.C. 20019 | :<br><br><br>: | |
| Defendants. | : | |

_____

## SECOND AMENDED COMPLAINT

### Introduction

1. This is a civil action alleging intentional misconduct on the part of the District of

-2-

Columbia and members of its Metropolitan Police Department, for the false arrest and imprisonment, malicious prosecution of Plaintiff, and violation of his rights under the Fourth and Fifth amendments to the United States Constitution.  The action seeks both compensatory and punitive damages against Defendants for their intentional acts of wrongdoing.

## Jurisdiction

2.   This Court has original subject matter jurisdiction over this case under 28 U.S.C. §1331 and 42 U.S.C. §1983.  This Court also has personal jurisdiction over Defendants because they all live and/or work in the District of Columbia.

3.   The District of Columbia was provided with notice of this claim by letter dated October 11, 2018 in accordance with D.C. Code §12-309.

## Parties

4.   Plaintiff, Dominic Jenkins ("Jenkins"), was at all times relevant herein, a resident of the District of Columbia and a citizen of the United States.

5.     Defendant, District of Columbia ("the District"), a municipal corporation, maintains a police force which operates under and administers a set of law enforcement policies, practices and customs involving the hiring, training and supervision of its police officers.  These policies, practices and customs include training in arrest procedures and determining probable cause for arrest.  As the employer of the officers involved in the subject incident, the District is also liable under the doctrine of *respondeat superior*.

6. Defendant, Officer Aaron Dabney ("Officer Dabney"), was at all times relevant herein a Metropolitan police officer acting within thro curse and scope of his employment with

-3-

defendant District of Columbia.  He is being sued in his individual and official capacities.

7.      Defendant, Officer Iatezaz Tariq, ("Officer Tariq") was at all times relevant herein a Metropolitan Police Officer acting within the course and scope of his employment with defendant District of Columbia.  He is being sued in his individual and official capacities.

8.      Defendant, Sergeant Carline Modl ("Sgt.Modl"), was at all times relevant herein a Metropolitan Police Sergeant acting within the course and scope of her employment with defendant District of Columbia.  She is being sued in her individual and official capacities.

**<u>Statement of Facts</u>**

9.      On April 12, 2018 at approximately 5:15 p.m. Mr. Jenkins was walking on 54th Street, NE toward Dix Street when a police vehicle pulled in front of him and stopped.

10.      Upon information and belief, Officers Dabney and Tariq exited the vehicle and immediately placed Mr. Jenkins in handcuffs although he had not committed a crime and/or posed a threat to them.  The officers searched Mr. Jenkins and removed a wallet and keys from his pockets.

11.      One of the officers asked Mr. Jenkins if he had been talking to a woman around the corner.  Mr. Jenkins told the officers that the woman asked him if he wanted to buy clothing, he said no, and continued walking.

12.      Mr. Jenkins repeatedly asked the officers why he was being detained, but all they told him was that they would let him know soon.

-4-

13.     While Plaintiff was in handcuffs, Sgt.  Modl arrived on the scene, and she conferred with the officers.  Sgt. Modl was coordinating and supervising police activity in the area..

14.  Sgt. Modl discussed with the officers a truck that was parked nearby and believed to be owned or controlled by Mr. Jenkins.

15.  Without Mr. Jenkins' consent, Sgt. Modl took his stack of keys, which included a key to the truck.

16.  Unbeknownst to Mr. Jenkins, Sgt. Modl provided his keys to a canine officer who then searched the interior of the truck using his canine partner, but no drugs or any illegal item was recovered from the truck.

17.  A search of the area where the truck was parked also did not yield any illegal or other drugs.

18.     Nevertheless, Sgt. Modl and her subordinate officers decided to arrest Mr. Jenkins and charge him with possession of an open container of alcohol.

19.  Officers Dabney and Tariq eventually advised Mr. Jenkins that he was being charged with having an open container of alcohol on the streets.  Mr. Jenkins objected because he had no open or closed container of alcohol.

20.     Officers Dabney and Tariq placed Mr. Jenkins in the transport vehicle and took him to the Sixth District Police Station ("6D").

21.     At 6D the officers placed Mr. Jenkins in a holding cell, still handcuffed.

-5-

22.     About 5 minutes later, the officers took Mr. Jenkins from the cell, removed the handcuffs, and then used a wand to scan his body.  Then the officers told Mr. Jenkins that he should remove all his clothing for a strip-search that Sgt. Modl authorized.

23     When Mr. Jenkins questioned why he needed to strip, the officers told him they were "just following procedures."  Mr. Jenkins obeyed the officers' order and removed all his clothing, including his underwear.

24.     The officers proceeded to search his shoes and socks.  Then the officers told Mr. Jenkins to squat and cough, which he did, as they observed the genital and anal regions of his body.  After that the officers told Mr. Jenkins to get dress, and they returned him to the holding cell.

25.     Eventually Mr. Jenkins was processed and released on his personal recognizance.

26.     The officers charged Mr. Jenkins with possession of an open container of alcohol/public intoxication.

27.     At the May 15, 2018 court hearing Mr. Jenkins entered a plea of not guilty and demanded a trial to prove his innocence.  The judge ordered that the police body camera video footage of the incident be produced for trial.

28.     On May 22, 2018 the Office of Attorney General dismissed the charge by praecipe.

29.     As a direct and proximate result of Mr. Jenkins' unlawful arrest, his freedom was abridged; he was inconvenienced; and he sustained emotional injuries, including humiliation, embarrassment, and emotional distress.

-6-

30.     As a direct and proximate result of Defendants' intentional and unlawful actions, Plaintiff sustained injuries.

31.     Defendants' aforesaid actions were extreme, malicious, outrageous, humiliating, intimidating, and did cause physical, emotional, and mental distress to Plaintiff.

32.     The aforesaid actions of the defendant officers were conducted under color of law while they were acting as employees, servants and/or agents of the District of Columbia.

33.     At all times relevant to this action, the District of Columbia had in effect and was responsible for the policies and procedures followed by the defendant police officers in the actions they took against Plaintiff.

**Count I (All Defendants)**
**(False Arrest – Imprisonment)**

34.     Plaintiff incorporates, by reference, paragraphs 1 through 33 as if fully set forth herein.

35.     On April 12, 2018 Officers Dabney and Tariq, with Sgt. Modl's approval, wrongfully and unlawfully detained and arrested Plaintiff for alleged possession of open container of alcohol without any legal justification.   Defendants did not have reasonable suspicion to stop Plaintiff much less probable cause to arrest him because he was not committing and had not committed any criminal act to subject him to arrest, imprisonment, restraint, or detention.

36.     As a direct and proximate result of Plaintiff's false arrest and imprisonment by Defendants, Plaintiff has suffered discomfort, distress and loss of liberty, and has suffered and will continue to suffer psychological harm and mental anguish, including fright, shame,

-7-

mortification, humiliation and embarrassment from the indignity and disgrace of being

unlawfully arrested, taken into custody and grossly mistreated.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as

follows:

(a)  compensatory damages in an amount in excess of One Hundred Thousand Dollars

($100,000.00);

(b) punitive damages against the individual Defendants in an amount in excess of One

Hundred and Fifty Thousand Dollars ($150,000.00); and

(c)  reasonable attorney's fees, interest, costs, and such further relief as the Court deems

appropriate.

## Count II (All Defendants)
### (Malicious Prosecution)

37.     Plaintiff incorporates, by reference, paragraphs 1 through 33 as if fully set forth

herein.

38.     Defendant Officers Dabney and Tariq, with Sgt. Modl's approval,

having wrongfully and unlawfully arrested and detained the Plaintiff, caused his malicious

prosecution for alleged possession of open container of alcohol/public intoxication even though

they knew he did not commit any criminal offense.

39.     The criminal charge terminated in Plaintiff's favor when the Office of Attorney

General dismissed the charge on or about May 22, 2018.

40.     As a direct and proximate result of Plaintiff's malicious prosecution by

-8-

Defendants, Plaintiff has suffered discomfort, distress and loss of liberty, and has suffered and will continue to suffer psychological harm and mental anguish, including fright, shame, mortification, humiliation and embarrassment from the indignity and disgrace of being maliciously prosecuted.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

(a)  compensatory damages in an amount in excess of One Hundred Thousand Dollars ($100,000.00);

(b) punitive damages against the individual Defendants in an amount in excess of One Hundred and Fifty Thousand Dollars ($100,000.00); and

(c)  reasonable attorney's fees, interest, costs, and such further relief as the Court deems appropriate.

## Count III (All Defendants)
### (Intentional Infliction of Emotional Distress)

41.    Plaintiff incorporates, by reference, paragraphs 1 through 33 as if fully set forth herein.

42.    The aforedescribed conduct of the Defendants were extreme and outrageous, such as subjecting Plaintiff to a strip-search and requiring him to squat and cough even though there was no legal justification, charging him with possession of open container of alcohol, and falsifying records in furtherance of maliciously prosecuting Plaintiff.

43.    As a direct and proximate result of Defendants' intentional and malicious conduct Plaintiff suffered and will continue to suffer emotional distress and mental anguish.

-9-

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

(a)  compensatory damages in an amount in excess of One Hundred Thousand Dollars ($100,000.00);

(b) punitive damages against the individual Defendants in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00); and

(c)  reasonable attorney's fees, interest, costs, and such further relief as the Court deems appropriate.

## Count IV
### (Negligent Supervision) (Defendant District)

44.    Plaintiff incorporates, by reference, paragraphs 1 through 33 as if fully set forth herein.

45.    At all times relevant herein, the defendant officers, including Sgt. Modl, were acting under the direction and control, and pursuant to the rules, regulations, policies and procedures of defendant District of Columbia.

46.    Defendant District of Columbia acted negligently, carelessly and recklessly by failing to properly train, supervise, control, direct and monitor the defendants' unlawful actions.

47.    As a direct and proximate result of the acts and omissions of defendant District of Columbia, Plaintiff was wrongfully and unlawfully arrested, strip-searched, and maliciously prosecuted, thereby causing his injuries.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

-10-

(a)  compensatory damages in an amount in excess of One Hundred Thousand Dollars ($100,000.00); and

(b) reasonable attorney's fees, interest, costs, and such further relief as the Court deems appropriate.

**Count V**
**(Section 1983 - Violation of Fourth Amendment) (Individual Defendants)**

48.     Plaintiff incorporates, by reference, paragraphs 1 through 33 as if fully set forth herein.

49.     At all times relevant herein, the defendants were acting within the scope of their employment and under the direction and control, and pursuant to the rules, regulations, policies and procedures of defendant District of Columbia.

50.     The Fourth Amendment to the United States Constitution, made applicable to the District of Columbia through the Due Process Clause, protects citizens, including Plaintiff, from unlawful searches, seizures, and prosecution.

51.     In violation of the Fourth Amendment, Defendants unlawfully arrested and maliciously prosecuted Plaintiff even though they did not have probable cause to believe he committed the offense of possession of open container of alcohol/public intoxication or any other offense.

52.     In further violation of the Fourth Amendment, Defendants subjected Plaintiff to a strip-search even though they knew his arrest was unlawful and they did not have legal basis to believe that Plaintiff was in possession of alcohol much less illegal drugs.

-11-

53.     Defendant's unlawful strip-search of Plaintiff was demeaning, dehumanizing, and offensive to his personal dignity.

54.     As a direct and proximate result of Defendants' intentional and malicious conduct Plaintiff suffered and will continue to suffer emotional distress and mental anguish.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

(a)  compensatory damages in an amount in excess of One Hundred Thousand Dollars ($100,000.00);

(b) punitive damages against the individual Defendants in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00); and

(c)  statutory attorney's fees, interest, costs, and such further relief as the Court deems appropriate.

## Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Jeanett P. Henry*_____
Jeanett P. Henry
8403 Colesville Road; Suite 1100
Silver Spring, MD 20910
(301) 562-1340
Email:  jhenry2085@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of February, 2020 I served a copy of this Second Amended Complaint on all counsel of record through CM/ECF.

*/s/  Jeanett P. Henry*___
Jeanett P. Henry