**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DOMINIC JENKINS, <br><br>     *Plaintiff,* <br><br>   v. <br><br> DISTRICT OF COLUMBIA, *et al.,* <br><br>     *Defendants.* | Civil Action No. 1:19-cv-1586 (ABJ) |

**<u>PROTECTIVE ORDER</u>**

Pursuant to Fed. R. Civ. P. 26(c) and it appearing that discovery in this action is likely to involve the disclosure of Confidential Information, IT IS HEREBY ORDERED that:

1. <u>Information Subject to This Protective Order</u>:  The following categories of information may be designated as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEY'S EYES ONLY" pursuant to this Protective Order:

  a. personal identifying information (PII) sought from an individual, including, but not limited to, such individual's or his/her family members' home address, telephone number, date of birth, social security number, health care information, health insurance records, life insurance information and/or any other personal information unique to such individual.  Defendant District of Columbia may redact PII from documents before disclosure and such redaction does not affect the designation of said documents as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEY'S EYES ONLY";

  b. non-public information contained in an employee or former employee's personnel file, disciplinary file and/or adverse action file;

  c. information protected by or specifically prohibited from release by statute or regulation;

    d.   Metropolitan Police Department Body Worn Camera videos; and

    e.   any other information that a producing party reasonably and in good faith determines should be subject to the terms of this Protective Order.

2.     As set forth below, information, documents, and things that are stamped "CONFIDENTIAL" or "CONFIDENTIAL:  ATTORNEY'S EYS ONLY" and meet the definition of material that falls within the definition of ¶ 1 shall not be disclosed by any receiving party for any purpose other than discovery and trial in this action and any appeal.

## TIMING AND CLASSIFICATION OF CONFIDENTIAL INFORMATION

3.    <u>Marking of Documents of Things</u>

    a.   Any party wishing to designate information as CONFIDENTIAL INFORMATION shall at the time of production, if at all possible, stamp or otherwise mark the produced document or other thing with the word(s) "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    b.   Any party wishing to designate information provided by a non-party as CONFIDENTIAL shall submit to the other party, within twenty (20) business days following production or disclosure, a written designation of the documents or things containing such information.  During the twenty (20) business days following production by a party, or non-party, all such documents and things shall be deemed to contain and/or constitute CONFIDENTIAL INFORMATION.

c.  The parties shall make a good-faith effort to designate CONFIDENTIAL

INFORMATION properly and with the appropriate classification at the

time of production.  However, inadvertent or unintentional disclosure by

any party of CONFIDENTIAL INFORMATION without any, or the

appropriate, classification regardless of whether the CONFIDENTIAL

INFORMATION was designated at the time of disclosure, shall not be

deemed a waiver of a party's claim of confidentiality, either as to a

specific document or information contained therein, and the parties shall,

upon notice, thereafter treat such CONFIDENTIAL INFORMATION

according to the correct designation and classification.  A receiving party

shall make a good faith effort to locate and mark appropriately any

CONFIDENTIAL INFORMATION upon receipt of such notice.

d.  If a producing party inadvertently discloses to a receiving party documents

or items that are asserted to be privileged or otherwise immune from

discovery, said producing party shall promptly upon discovery of such

disclosure so advise the receiving party in writing and request that the item

or items of information be returned, and no party to this action shall

thereafter assert that such disclosure waived any privilege or immunity,

provided that the producing party demonstrates that: (1) the disclosure was

inadvertent; (2) the producing party acted promptly upon discovering the

inadvertent disclosure; and (3) the inadvertence occurred despite

reasonable precautions to prevent inadvertent disclosure.  Nothing herein

shall be construed to prevent the party returning the inadvertently

disclosed material from seeking production of any documents in

accordance with the Federal Rules of Civil Procedure, provided that, once the producing party makes the requisite showing set forth herein above, the returning party does not assert waiver of the privilege or immunity because of the inadvertent production.

## HANDLING OF CONFIDENTIAL INFORMATION

4. CONFIDENTIAL INFORMATION will be treated during the course of this action, including appeal, as follows:

SEALED OR CONFIDENTIAL DOCUMENTS: when any sealed or confidential document is used at a hearing, in a motion or other papers, the filing or moving party shall comply with the requirements of LCvR 5.1. If a sealed or confidential document is inadvertently filed and made accessible to the public, the filing or moving party shall immediately take the appropriate steps to remove or otherwise protect from public disclosure the sealed or confidential document. The parties may not consent to waiving the requirements of LCvR 5.1.

Information, documents and things of the parties subject to discovery may also be marked "CONFIDENTIAL: ATTORNEYS' EYES ONLY." Such documents will not be viewed by clients, parties, or non-expert witnesses. Materials marked as "CONFIDENTIAL: ATTORNEYS' EYES ONLY" may include but is not limited to: (1) MPD Body Worn Camera (BWC) video footage in which children, uninvolved citizens, victims and witnesses to criminal activity and informants or any information relating to the identity of any of the foregoing; (2) personal information sought regarding current or former employee(s) of the District of Columbia and MPD including, but not limited to, such individual's or his/her family members' home address, telephone number, date of birth, social security number, health care information, health insurance records, life

insurance information, personnel records, performance evaluations, and/or any other personal information unique to such individual; (3) MPD documents and records that may have security implications, and (4) any other information that a producing party reasonably and in good faith determines should be subject to the terms of a Protective Order and, additionally, viewed by the attorneys of record in this matter only

MPD BODY WORN CAMERA FOOTAGE: All body worn camera footage when used at a hearing, in a motion or other papers shall be filed under seal and the party wishing to use it must comply with the requirements of LCvR 5.1.

All CONFIDENTIAL INFORMATION shall be treated as proprietary, and shall be disclosed or made available only to: (1) counsel who are attorneys of record (including such counsel's partners, shareholders, associates, associated counsel, paralegal, secretarial and clerical personnel); (2) experts employed by such counsel for consultation or to render expert reports in accordance with Fed. R. Civ. P. 26(a)(2) (and the necessary secretarial and clerical personnel of such experts); (3) Defendant Dominic Jenkins; and (4) court personnel, certified court reporters and the parties' respective copy vendors. Any information designated "CONFIDENTIAL" by the producing party shall be treated as proprietary and shall not be used or disclosed by any receiving party for any purpose, other than as specified herein during the discovery, trial, and/or any appeal in this action.

5. Information

All persons other than the persons identified in Paragraph 4 of this Protective Order authorized to have access to CONFIDENTIAL INFORMATION pursuant to this Protective Order shall sign the statement attached hereto as Exhibit A acknowledging their agreement to the terms of this Protective Order.

**CHALLENGES TO CONFIDENTIALITY DESIGNATIONS**

6.      In the event that any party disagrees at any stage of this action with the designation of any information as CONFIDENTIAL, the parties shall first try to resolve the dispute in good faith on an informal basis.  Any receiving party may at any time request that the producing or designating party withdraw the CONFIDENTIAL designation with respect to any information.  Any such request shall be made in writing, served on counsel for the producing or designating party, and shall particularly identify: (a) the CONFIDENTIAL INFORMATION that the receiving party contends is improperly designated; and (b) the basis for the receiving party's objection(s) to the designation.

7.      If the parties are unable to resolve their dispute informally, the receiving party shall have the right to object to the designation by appropriate motion before the Court.  The burden of proving the confidentiality of the designated information shall be borne by the party that produced the information and/or designated it CONFIDENTIAL. If a motion is filed, the initial CONFIDENTIAL designation shall remain in place until the Court rules on such motion and thereafter shall be governed by the Court's ruling.  If the parties are unable to resolve their dispute informally, and a party elects to file no motion with the Court, the initial CONFIDENTIAL designation shall remain in place.

8.      The acceptance by any party of any information designated CONFIDENTIAL shall not constitute evidence, an admission or concession that the information actually is confidential or proprietary.

### CONFIDENTIAL INFORMATION AT DEPOSITIONS

9.      Other than Court personnel and Court reporters, only the parties, counsel of record for the parties (including such counsel's partners, associates, associated counsel, paralegals, and law clerks), the witness (including his or her attorney), and

experts who have met the requirements of Paragraph 4 of this Protective Order may be present at any examination concerning CONFIDENTIAL INFORMATION of another party or a third party.

10.    A party may designate as CONFIDENTIAL any information, testimony or exhibit disclosed or obtained during a deposition that meets the definition in Paragraph 1 by indicating on the record during the deposition that such is CONFIDENTIAL and subject to the provisions of this Protective Order.  Whenever any information designated as CONFIDENTIAL that meets the definition of Paragraph 1 is marked as an exhibit during a deposition, the exhibit shall be separately bound and placed in a sealed envelope bearing the pertinent CONFIDENTIAL designation, unless the parties stipulate otherwise in writing prior to the deposition or at the deposition on the record.  Any party who objects to any CONFIDENTIAL designation made at or during a deposition must note the objection on the record.  The CONFIDENTIAL designation of material that meets the definition of Paragraph 1 shall remain in place, and the objecting party shall be barred from publicly disclosing the information, testimony, transcript or exhibit designated as CONFIDENTIAL without the prior approval of the Court or the withdrawal of the designation by the designating party.

11.    All deposition transcripts shall be treated as CONFIDENTIAL INFORMATION subject to the Protective Order for a period of twenty (20) business days after receipt of each of the transcripts.  Notwithstanding the passage of twenty (20) business days, to the extent that an opposing party has not, through counsel, disseminated information that is subject to this Protective Order, the right to so designate shall remain, subject to challenge.  If such a challenge is made, the party allowing the twenty (20) business days to pass shall have the burden before the Court of showing that the

information has not become part of the public domain.  All information contained in the deposition transcripts and exhibits to the transcripts that has been specifically marked as CONFIDENTIAL INFORMATION shall continue to be treated as confidential notwithstanding the passage of 20 business days.

12.     Desposition transcripts, testimony or exhibits designated as CONFIDENTIAL shall only be disclosed to the named parties, their counsel of record, their experts, the Court and its personnel, and the court reporter.  No third party shall be allowed access to any depostion transcript, testimony or exhibit designated as CONFIDENTIAL unless he or she first executes the declaration attached hereto as Exhbit A, acknowledging the terms of this Protective Order and agreeing to be bound thereby.

<u>**CONFIDENTIAL INFORMATION IN COURT FILINGS**</u>

13.     Information designated as "CONFIDENTIAL" pursuant to this Protective Order that meets the definition in Paragraph 1 does not lose its designation as such if that information is subsequently filed with the Court by any designating party, non-designating party, or a third party, whether that submission is made by written motion, pleading, memorandum, or any other submission to the Court, including, without limitation, any demonstratives, attachments, transcripts, appendices, and/or exhibits submitted to the Court.

14.     Any party seeking to file any transcripts, depositions, exhibits, answers to interrogatories, and other information previously designated CONFIDENTIAL pursuant to this Protective Order and filed with the Court by any party or third-party, or any pleading, memorandum or other submission to the Court purporting to discuss, reproduce, summarize or paraphrase any such CONFIDENTIAL INFORMATION, shall file a motion with the Court seeking leave to seal the document pursuant to LCvR 5.1(h).

Any such documents shall be filed in sealed envelopes or other appropriate sealed containers and on which shall be endorsed the caption of this litigation, an indication of the nature of the contents, the words "DOCUMENT UNDER SEAL" or "DOCUMENTS SUBJECT TO PROTECTIVE ORDER," and shall otherwise be labeled in accordance with the requirements set out in LCvR 5.1(h).

## USE OF CONFIDENTIAL INFORMATION IN OPEN COURT

15.    CONFIDENTIAL INFORMATION does not lose its designation as such if that information is subsequently offered during hearings, at trials, or otherwise in open court by any party or a third party, whether elicited or presented through argument/and or objections in open court, statements to the jury, direct examination, cross-examination and/or redirect examination, or through any demonstratives, attachments, transcripts appendices, and/or exhibits offered in open court.

16.    The use of CONFIDENTIAL INFORMATION during hearings, at trials, or otherwise in open court shall be subject to such protection as the Court shall determine at the time.  Nothing in this Protective Order shall be deemed a waiver of any right to object on any ground to the admission in evidence of any CONFIDENTIAL INFORMATION.  A party that intends to introduce its own CONFIDENTIAL INFORMATION at a hearing or trial shall be responsible for taking appropriate measures with the Court to maintain its confidentiality.  In the event that a party intends to introduce an opponent's CONFIDENTIAL INFORMATION, it shall notify the opponent in writing prior to the time at which it intends to introduce the opponent's CONFIDENTIAL INFORMATION.  If the opponent desires to maintain the confidentiality of its material, it shall be responsible for taking appropriate measures with the Court to maintain its confidentiality.

## **EXCLUSION OF PUBLIC DOMAIN INFORMATION**

17.     Nothing in this Protective Order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any information not obtained in discovery in this lawsuit, if such information is lawfully obtained from another source, such as a third party having the right to disclose such information, unless the obtaining party learned about or discovered the relevant information because they were produced or made available for inspection in discovery in this lawsuit and designated as CONFIDENTIAL INFORMATION.

## **NON-WAIVER OF PRIVILEGES AND OBJECTIONS**

18.     Nothing in this Protective Order shall be construed to require the production of CONFIDENTIAL INFORMATION that is privileged or otherwise protected from disclosure.  The entry of this Protective Order shall not constitute a waiver by any party of any objection to the disclosure or production of any information or material during discovery.

19.     Nothing in this Protective Order shall be construed to mean that the production of CONFIDENTIAL INFORMATION (in whole or in part) constitutes either: (a) an admission by any party that the produced information is relevant, authentic, properly produced, or admissible at trial, or (b) a waiver of any right properly to withhold from production any other document.

20.     Nothing in this Protective Order shall bar any person from asserting, prejudice any person who asserts, or be used against any person who asserts, the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity as to any discovery, including any discovery that may have been inadvertently produced.

21.     In the event of an inadvertent or unintentional disclosure, the producing party shall promptly notify the receiving party of its mistake, and request the return of the information (including any and all copies the receiving party may have made) so that the information may be marked with the appropriate confidential designation and then returned to the receiving party.  The receiving party shall return the information within three (3) days of receipt of the producing party's notice of inadvertent or unintentional disclosure, and upon receipt of that notice, the receiving party shall treat the information as confidential, and not disclose it in any manner prohibited by the terms of this Protective Order.  No party shall thereafter assert that the inadvertent or unintentional disclosure waived any privilege or immunity that would otherwise apply to the information.  Nothing in this Order shall be construed to bar any party from seeking the production of the information on any other ground in accordance with the Federal Rules of Civil Procedure.

## MISCELLANEOUS

22.     Nothing in this Protective Order shall be construed as limiting or otherwise restricting the District of Columbia's use of its own CONFIDENTIAL INFORMATION for any purpose or as requiring District employees to sign an acknowledgement prior to obtaining such information.

23.     The terms of this Protective Order shall survive the final termination of this litigation and shall continue to apply fully to all CONFIDENTIAL INFORMATION that has not properly become a matter of public record.  Following final termination of this litigation, this Court shall retain and have jurisdiction over the parties and all persons who received access to CONFIDENTIAL INFORMATION in accordance with the terms of this Protective Order.

24.     This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, officers, directors, employees, agents, and independent contractors, and other persons or organizations over which they have control.

25.     Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to the attorney's party-client with respect to this action, and in the course thereof, relying upon an examination of CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with the party-client, the attorney shall not disclose the proprietary substance of any CONFIDENTIAL INFORMATION nor the source of any CONFIDENTIAL INFORMATION to anyone not authorized to receive such documents, things, materials or information pursuant to the terms of this Protective Order.

26.     No later than thirty (30) days after the final termination of this action, including all appeals, and unless otherwise required by law, the attorneys for each party shall assemble and return to the opposing party CONFIDENTIAL INFORMATION produced by the opposing party or shall destroy all copies thereof which respective parties have in their possession, custody, or control and provide written notification of the destruction to the opposing party.  The attorneys for the parties shall be entitled to retain all pleadings and litigation documents, including exhibits and their own memoranda containing CONFIDENTIAL INFORMATION, but such litigation documents and memoranda shall be used only for the purpose of preserving a file on this action, and shall not without the written permission of the opposing party or an Order of this Court be disclosed to anyone other than the outside attorneys to whom such information was

actually disclosed, in accordance with this Protective Order during the course of this action.

27.     In the event that a party seeks discovery from a third-party to this action, that third-party may invoke the terms of this Protective Order in writing to all parties to this suit and produce any such discovery in accordance with, and subject to the terms of this Order.

**SO ORDERED**.

Dated: ___February 26, 2020___          _____
                                         AMY BERMAN JACKSON
                                         United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DOMINIC JENKINS,

       *Plaintiff,*

    v.

DISTRICT OF COLUMBIA, *et al.,*

       *Defendants.*

Civil Action No. 1:19-cv-1586 (ABJ)

## ACKNOWLEDGEMENT OF CONFIDENTIALITY

I understand that confidential documents, testimony and/or information may be revealed to me for purposes of the above-captioned lawsuit. I have been advised that, by agreement among the parties, as so ordered by the Court, such documents, testimony and/or information may not be used for any purposes other than the prosecution or defense of said lawsuit.

I hereby certify that I have read the Protective Order entered in this lawsuit. I agree to maintain the confidentiality of any documents, testimony and/or information provided to me and otherwise to abide by the terms of the Protective Order.

I have been advised that any unauthorized use or disclosure by me of any confidential documents, testimony and/or information will be treated as a breach of the Protective Order for which I may be liable for damages and subject to sanction by the Court. I agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the provisions of the Agreement.

Dated: _____          _____
                                                            PRINT NAME

14